**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(FLORENCE DIVISION)**

| | |
|---|---|
| KEITH EUGENE WATERS, as an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>HIRERIGHT, LLC; and DOES 1-10 inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff KEITH EUGENE WATERS (hereafter "Plaintiff") files his Complaint for Damages and Demand for a Jury Trial against Defendants HIRERIGHT, LLC, and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.  Defendant is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include an employment applicant's criminal history.

2.  On or about December 2021, Plaintiff applied for employment with Big G Express, Inc, Magnum LTD, and Ceva Logistics US, Inc. (hereafter as "Big G Express, Magnum, and Ceva Logistics").

3.  On or about December 2021, Defendant provided consumer reports to Plaintiff's prospective employers. The background check reports were consumer reports under the Fair Credit Reporting Act (the "FCRA").

4.  Plaintiff was given a conditional offer of full time employment with Big G Express before the subject report was issued.

5. Plaintiff's prospective employer Big G Express provided a multitude of benefits such as affordable family insurance with low deductibles, dental, vision and prescription insurance, critical illness and accident insurance, company-paid life insurance, 401k with employer matching, and employee stock ownership plan.

6. Defendant disclosed outdated criminal history related to Case Number: 2015A3310100506, Felony Drugs/Manufacture, Possession Of Other Substances in Schedule I, II, III Or Flunitrazepam Or Analogue, With Intent To Distribute – 1st Offense on the consumer reports provided to Magnum, Ceva Logistics, and Big G Express.

7. Defendant failed to disclose that Plaintiff had in fact been pardoned pursuant to S.C. Code Section 24-21-950 by The South Carolina Department of Probation, Parole, and Pardon Services for this crime, on December 1, 2021.

8. Defendant misreported the case such that the employers believed Plaintiff was convicted of a felony.

9. Plaintiff disputed his report sent to Magnum, which was completed and submitted to Magnum on August 8, 2022.

10. On Plaintiff's disputed report to Magnum, it was amended to include that the case had been pardoned.

11. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the **maximum possible accuracy** of the information reported. Failing to report up to date information regarding criminal history is a clear violation of this statute.

12. Defendant did not have defined processes to verify the accuracy of the public records information provided to Big G Express, Magnum, and Ceva Logistics, because information related to Plaintiff's criminal records is a matter of public information and is easily verifiable through the South Carolina State Law Enforcement Division and the South Carolina Probation, Pardon, and Parole Central Record Division.

13. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes are accurate.

14. As a direct result of Defendant's failure to verify public records, Plaintiff was terminated of employment with Big G Express.

15. Adverse action was taken on Plaintiff from prospective employers.

16. Plaintiff suffered (and continues to suffer) actual damages and emotional distress as a result of the loss of employment.

17. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

18. Plaintiff is an individual and resident of Marion, South Carolina.

19. Defendant is an investigative consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq*.) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

20. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

21. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

22. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTIONAL STATEMENT

23. Plaintiff is a citizen and resident of Marion County, South Carolina.

24. Upon information and belief, Defendant HIRERIGHT, LLC is a Delaware corporation, licensed to do business in the State of South Carolina, and which does systematic and continuous business in the State of South Carolina.

25. Defendant HIRERIGHT, LLC is subject to the personal jurisdiction of this Court, by virtue of South Carolina Code of Laws §§36-2-803(A)(1); 36-2-803(A)(2); 36-2-803(A)(3); 36-2-803(A)(4); and 36-2-803(A)(7).

26. This Court has jurisdiction over the subject matter raised by these parties and the causes of action alleged within Plaintiff's complaint pursuant to 28 U.S.C. §1331 and 15 U.S.C. 1681(p).

## FIRST CAUSE OF ACTION
### (15 USC §1681(e)(b) and DOES 1-10)

27. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

28. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing outdated information.

29. Defendant's conduct was willful and/or reckless because it knew that its failure to report updated information regarding criminal records is insufficient to assure maximum possible accuracy of the criminal history information reported.

30. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

31. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

32. As a direct and proximate result, Plaintiff was damaged thereby.

## SECOND CAUSE OF ACTION
### (15 USC §1681k(a)(2) and DOES 1-10)

33. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

34. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing outdated information.

35. Defendant's conduct was willful and/or reckless because it knew that its failure to use strict procedures to ensure the reported information is complete and up to date was likely to have an adverse effect upon Plaintiff's ability to obtain employment.

36. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

37. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

38. As a direct and proximate result, Plaintiff was damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA;
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For interest upon such damages as permitted by law;
d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
e. For the costs of the lawsuit;
f. For injunctive relief as applicable; and
g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

Respectfully submitted,

_____      _____
DEVIN H. FOK ESQ.                          RODNEY F. PILLSBURY, ESQ.
**DHF LAW, P.C.**                          **PILLSBURY LAW FIRM, LLC**

Devin Fok (SBN #256599)                    Rodney F. Pillsbury (Fed. ID No. 5963)
devin@devinfoklaw.com                      Rodney@PillsburyFirm.Law
Ainat Kiewe (SBN #207439)                  Pillsbury Law Firm, LLC
ainat@devinfoklaw.com                      330 East Coffee Street, Suite 4005
**DHF Law, PC**                            Greenville, SC 29601
2304 Huntington Drive, Suite 210           Ph: (864) 241-9828
San Marino, CA 91108                       Fax: (864) 772-3418
Ph: (888) 651-6411
Fax: (818) 484-2023

**Attorneys for Plaintiff**

December 18, 2023