IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Keith Eugene Waters<br>Plaintiff(s),<br><br>v.<br><br>HireRight, LLC and DOES 1-10 inclusive<br>Defendant(s). | CA: 4:23-cv-06668-RBH<br><br>**RULE 26(f) REPORT** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

        We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

X       We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

        We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

|  **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|

*/s/ Rodney F. Pillsbury*
*Signature of Plaintiff's Counsel*

Rodney F. Pillsbury
*Printed Name of Plaintiff's Counsel*
*and Party Represented*

*/s/ Devin H Fok*_____
*Signature of Plaintiff's Counsel*

Devin H. Fok_____
*Printed Name of Plaintiff's Counsel*
*and Party Represented*


*Dated: March 25, 2024*

*/s/ Paul D. Harrill*
*Signature of Defendant's Counsel*

Paul D. Harrill – Defendant HireRight, LLC_
*Printed Name of Defendant's Counsel*
*and Party Represented*

 */s/ Leah A. Tedford*
*Signature of Defendant's Counsel*

Leah A. Tedford – Defendant HireRight, LLC_
*Printed Name of Defendant's Counsel*
*and Party Represented*


*Dated:* March 25, 2024

**Rule 26(f) Joint Discovery Plan**

1. **Statement of the facts of the case**

   Plaintiff alleges: Defendant generated background check reports on Plaintiff to Plaintiff's prospective employers. The background checks reported a case that had been pardoned pursuant to S.C. Code Section 24-21-950 by The South Carolina Department of Probation, Parole, and Pardon Services for this crime, on December 1, 2021. The disclosure on a report of the previously pardoned case led to a denial of employment for Plaintiff.

   Defendant asserts: HireRight prepared a consumer report about Plaintiff at the request of Magnum LTD on December 31, 2021. HireRight reported a 2016 felony from Marion County, South Carolina for manufacture or possession of a scheduled substance or analogue with intent to distribute. HireRight reported the drug felony because the Marion County court where HireRight obtained the drug felony information did not include any information in its records that Plaintiff had been pardoned. Moreover, despite HireRight informing him he had a right to dispute information in the Magnum LTD report with HireRight, which would have caused HireRight to conduct a reinvestigation under the Fair Credit Reporting Act, Plaintiff did not dispute the report at that time. Instead, a dispute reinvestigation was conducted in August 2022 and a revised report provided to Magnum LTD on August 11, 2022.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

   Plaintiff: Mr. Waters may call Blake Smith, Driver Recruitment/HR of

Plaintiff's prospective employer, Big G Express; Employees of Defendants, including those identified by Defendant pursuant to FRCP 30(b), identity currently unknown; Employees of Defendant's vendors if any, identity currently unknown.

Defendant: HireRight may call Plaintiff Keith Waters; Plaintiff's family and friends; medical or mental health professionals who have treated Plaintiff before or after HireRight prepared the consumer report; a representative of Magnum LTD; a representative of Big G Express; a representative of Ceva Logistics; a representative of HireRight; a representative of the Marion County, South Carolina courts, and one or more expert witnesses; and others who may be named in discovery.

**3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Plaintiff: Mr. Waters may call expert witnesses to opine on Defendant's compliance with the FCRA especially on the reasonabless and strictness of Defendant's policies and procedures.

Defendant: HireRight may call expert witnesses to opine on Plaintiff's emotional distress and on the reasonableness and strictness of HireRight's policies and procedures under the Fair Credit Reporting Act.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiff asserts violations of 1"FCRA" 15 U.S. Code §1681 et seq. 5 USC §1681(e)(b) that Defendant's conduct was willful and/or reckless because it knew that its failure to report updated information regarding criminal records is insufficient to assure maximum possible accuracy of the criminal information reported. Plaintiff also asserts violations of 15 USC §1681k(a)(2), claiming that Defendant's failure to use strict procedures to ensure the reported information is complete and up to date was likely to have an adverse effect upon Plaintiff's ability to obtain employment.

Defendant HireRight states that it maintains reasonable and strict procedures to comply with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b), 1681k(a). Furthermore, HireRight is entitled to rely on accurate sources of public record information, including the Marion County court from which it obtained the information HireRight reported about the drug felony. *See Henson v. CSC Credit Servs.*, 29 F.3d 280 (7th Cir. 1994).

**5.     Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

    **a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures**

        The Court's scheduling order (with proposed modifications) addresses expert disclosures.

    **b) Completion of discovery**

        The Court's scheduling order (with proposed modifications) addresses the completion of discovery.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

n/a

7. **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

n/a

8. **What changes should be made in the time, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

The Parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than March 25, 2024. The remaining disclosures are addressed by the Proposed Amended Scheduling Order.

9. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Plaintiff:

- Defendant's policies and procedures regarding the verification of information stated on consumer reports they generate
- Defendant's policies and procedures used to reinvestigate disputes from consumers regarding information disclosed on their background screening reports

- Defendant's facts related to their compliance with the requirements set forth under the FCRA to maintain maximum possible accuracy of stated information on their background screening reports
- Identification of Defendants communication between Defendant and Plaintiff's prospective employer
- Defendant's facts related to their compliance with the requirements set forth under the FCRA to maintain strict procedures.

Defendant anticipates conducting discovery on:

- Plaintiff's application to work for Magnum LTD
- Magnum LTD's decision regarding Plaintiff's application
- The basis for HireRight's understanding that the drug felony it reported was accurate
- Plaintiff's purported economic damages
- Plaintiff's purported emotional distress damages
- Plaintiff's employment history
- Plaintiff's criminal history

10. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties anticipate needing a protective order and will provide a proposed protective order to the Court for approval.

**11.    Any issues to claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert such claims after production- whether to ask the court to include their agreement in the order.**

The parties anticipate including a Rule 52(d) clawback protection provision in their proposed protective order.

**12.    What changes should be made in the limitation on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

n/a

**13.    Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

n/a

Respectfully submitted,

**Pillsbury Law Firm, LLC**

/s/Rodney F. Pillsbury
_____
Rodney F. Pillsbury, Esq. (Fed Bar No. 5963)
330 East Coffee Street, Suite 4005
Greenville, SC 29601
Phone: (864) 241-9828
rodney@pillsburyfirm.law

**DHF Law, P.C.**

/s/ Devin H. Fok
Devin H. Fok, Esq.
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Phone: (888) 651-6411
devin@devinfoklaw.com

*Attorneys for Plaintiff*

And

**Burr & Furman, LLP**

/s/ Paul D. Harrill
Paul D. Harrill, Esq.
Leah A. Tedford, Esq.
P O Box 11390
Columbia, SC 29211
Phone: (803-799-9800
pharrill@burr.com

*Attorneys for Defendant HireRight, LLC*

March 25, 2024