IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Keith Eugene Waters<br><br>Plaintiff,<br><br>v.<br><br>Hireright, LLC<br><br>Defendants. | Case No.: 4:23-cv-06668-SAL<br><br><br>**ORDER** |

This matter is before the court on Defendant Hireright, LLC's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 24. The motion has been fully briefed and is ripe for consideration. For the reasons set forth below, the court grants the motion in part and dismisses Plaintiff's cause of action alleging a violation of 15 U.S.C. § 1681k(a)(2) because it does not contain all allegations necessary to establish liability. The motion is otherwise denied.

**BACKGROUND**

At this stage, the court assumes that the facts alleged in the complaint are true. Plaintiff Keith Eugene Waters applied for a job with three trucking companies in December 2021. Compl. ¶ 2, ECF No. 1. To screen Plaintiff for employment, each company obtained a background check from Defendant Hireright, LLC. *Id.* ¶ 3. Defendant sent its reports to each of the three companies in late December 2021 or early January 2022, and each report stated that Plaintiff had been convicted of a felony drug offense in 2018. *See id.* ¶ 6. As a result of the reports, Plaintiff's conditional offer of employment with one trucking company was terminated, and Plaintiff was

otherwise subject to adverse action from the other prospective employers. *Id.* ¶¶ 14-15. What Defendant omitted from its reports was that Plaintiff obtained a pardon for the drug offense on December 1, 2021, just weeks before the reports were issued. *See id.* ¶ 7. Because the reports omitted his pardon, Plaintiff alleges the reports were inaccurate and outdated in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). He further asserts that Defendant did not implement a process to verify the accuracy of its reports because the pardon is a matter of public record, "easily verifiable" through the South Carolina Law Enforcement Division ("SLED") and the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"). Compl. ¶ 12.

Plaintiff alleges two causes of action under the FCRA. First, he alleges that Defendant violated 15 U.S.C. §§ 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in the reports. Second, he claims a violation of 15 U.S.C. 1681k(a)(2) for Defendant's alleged failure to maintain strict procedures designed to ensure that the reports were complete and up to date.

Defendant now moves for judgment on the pleadings, arguing primarily that the reports *were* accurate because the county court's online public index (and/or the certified "physical file" from the court) do not show Plaintiff's pardon. Defendant further submits that Plaintiff failed to properly plead a violation of 15 U.S.C. § 1681k(a) because the cause of action omits a necessary allegation. For the following reasons, the court declines to find that the reports were accurate or that Defendant implemented reasonable procedures as a matter of law. The court agrees, however, that Plaintiff's second cause of action is defective and must be dismissed without prejudice.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The key difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is that, for a Rule 12(c) motion, the court considers the answer as well as the complaint. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." *Pledger v. North Carolina Dep't of Health & Human Servs.*, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998); *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C. 1991)

(citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2004)).

In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." *Parks v. Alteon, Inc.*, 161 F.Supp.2d 645, 649 n.1 (M.D.N.C. 2001); *see also* Fed. R. Civ. P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). A court may also consider materials outside of the pleadings "if such materials are public records or are otherwise appropriate for the taking of judicial notice." *Escalante v. Anderson Cnty. Sheriff's Dep't*, No. CV 8:15-177-MGL, 2015 WL 7180918, at *3 (D.S.C. Oct. 23, 2015).

## DISCUSSION

Notwithstanding the apparent omission of Plaintiff's pardon from Marion County's public index as well as its physical file from the original criminal case, there remains a plausible claim for failure to follow reasonable procedures under 15 U.S.C. § 1681e(b). Plaintiff's claim under § 1681k(a)(2), however, must be dismissed because the complaint does not allege all factual matter necessary to establish liability. Before addressing these substantive issues, the court will address the scope of the material considered in its analysis.

**I.     Judicial Notice of Public Records and Consideration of Documents Integral to the Complaint**

The parties have each submitted documentary material outside the pleadings. In its motion, Defendant filed each of the relevant background reports and screenshots from the Marion County public index, none of which reflect a pardon. After Plaintiff pointed out that the public index conspicuously disclaims the accuracy of its information in his response, Defendant filed with its

Reply a certified true copy of certain Marion County court records.[1] ECF No. 32-1. The physical file also does not reflect a pardon. In total, Defendant seeks consideration of the background reports, the Marion County public index, and the physical Marion County file. Plaintiff seeks judicial notice of the disclaimer on the public index as well as a SLED criminal history report that does reflect Plaintiff's pardon on December 1, 2021. The court finds judicial notice proper as to each of these records with the exception of Defendant's background reports, which the court considers solely because they are integral to and relied on in the complaint.

Without converting a motion to dismiss into a motion for summary judgment, a court may consider the attachments to the complaint, documents incorporated in the complaint by reference, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Healey v. Abadie*, 143 F. Supp. 3d 397, 401 (E.D. Va. 2015). Courts may also take judicial notice of items in the public record. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) ("A district court may clearly take judicial notice of these public [state court] records[.]") (unpublished opinion).

As documents integral to and relied on in the complaint, the court will consider the background reports attached to the motion to dismiss. The court also takes judicial notice of the fact that neither the online public index nor Marion County's physical file from the criminal case reflects Plaintiff's December 1, 2021 pardon. Similarly, the court takes notice of the disclaimer on the Marion County public index website. *See Reaves v. Mullins Police Dep't*, No. CV 4:22-3181-

---

[1] Plaintiff correctly notes that a court generally will not consider new matters raised for the first time in a Reply. Because the court would find a subsequent Rule 12(c) motion timely, and where Plaintiff has taken the opportunity to file a sur-reply, the court considers the certified Marion County records in the interest of economy.

TLW-TER, 2022 WL 17084347, at *1 n.1 (D.S.C. Sept. 22, 2022), *report and recommendation adopted*, No. 4:22-CV-03181-TLW, 2022 WL 17082903 (D.S.C. Nov. 18, 2022) (taking judicial notice of factual information posted on Marion County's public index). The court further takes judicial notice of the SLED record submitted by Plaintiff, which does reflect that Plaintiff was pardoned on December 1, 2021.[2] Plaintiff's criminal history as compiled by SLED is a matter of public record. *See* S.C. Code Ann. Regs. 73-23.E.

Having defined the scope of the material under consideration,[3] the court turns to the parties' substantive arguments.

## II.     Reasonable Procedures under 15 U.S.C. § 1681e(b)

Plaintiff's first claim alleges that Defendant failed to implement reasonable procedures to assure maximum possible accuracy of its reports. Where Plaintiff has alleged the pardon was omitted despite being readily accessible from public sources, he has plausibly alleged that Defendant failed to implement reasonable procedures to assure maximum possible accuracy of its reports.

Under 15 U.S.C. § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A consumer reporting agency violates this statute if (1) "the consumer report contains inaccurate information" and (2) the reporting agency "did not follow reasonable procedures to assure maximum possible

---

[2] Although Defendant made a proper objection to the court taking judicial notice of the SLED record where Plaintiff initially filed it as a screenshot from a cell phone, Plaintiff re-filed the record in its original format, and its accuracy cannot reasonably be questioned.

[3] The court notes that even if it were to treat the pending motion as one for summary judgment, the outcome would remain the same on the record before the court. New arguments in support of summary judgment of course may arise upon completion of discovery in this case.

accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citations omitted).

As to the first element, Plaintiff has adequately pleaded that Defendant's reports were inaccurate where they failed to include his pardon. A report contains "inaccurate" information if the information is either "patently incorrect" or when it is "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.* (cleaned up) (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Even "technically accurate" information is considered inaccurate under the FCRA if it is "presented in such a way that it creates a misleading impression." *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142, 148 (4th Cir. 2008).

Here, the court finds that Plaintiff has plausibly alleged that the background reports were inaccurate. To include a felony conviction without including a pardon for that conviction is very likely to create a misleading impression. *See Saunders*, 526 F.3d at 148; *see also Ortez v. RentGrow, Inc.*, No. CV 24-10376-FDS, 2024 WL 4349252, at *3 (D. Mass. Sept. 30, 2024) ("It is plausible to believe that landlords would be more willing to rent to someone who had been pardoned of several serious drug crimes than someone who had not."). A pardon is no trivial matter: the pardon removes "all the legal consequences of [a] crime and of [a] conviction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty or whatever else the law has provided." S.C. Code Ann. § 24-21-940. By obtaining a pardon, a citizen regains many of the civil rights he may have lost upon conviction. *See id.* § 24-21-990. And, as one might expect, given the significance of a pardon, "[s]ome employers may consider a job applicant if the applicant's convictions have been pardoned." Fifth Judicial Circuit Solicitor's Office, *Expungement*, https://www.scsolicitor5.org/expungement/ (last visited Oct. 7, 2024). Because the omission of a pardon in a criminal history report can be plausibly expected to create a misleading

impression, Plaintiff has sufficiently pleaded the first element of his claim under 15 U.S.C. § 1681e(b).

Defendant submits that Plaintiff cannot satisfy the first element because neither the Marion County public index nor the original criminal case file reflect a pardon.[4] Even if the court were to assume that the materials submitted by Defendant *should* have reflected the pardon—a fact that Defendant has not established—it does not follow that Defendant's background reports were accurate. It would only establish that the state's records are also inaccurate. Defendant thus conflates the elements. Instead, the court must determine first whether the reports were inaccurate, and, if so, whether Defendant nevertheless implemented a reasonable procedure—like consultation with an official source that can be expected to disclose all necessary information—to assure maximum possible accuracy of the reports. *See Dalton*, 257 F.3d at 415.

Defendant's reliance on *Henson v. CSC Credit Servs.*, 29 F.3d 280 (7th Cir. 1994) highlights the manner in which it conflates the elements of a § 1681e(b) claim. Though holding that a credit reporting agency is not liable under the FCRA for reporting inaccuracies "obtained from a court's Judgment Docket," *id.* at 285, the case was decided not on the accuracy of a report but on the procedures used in its generation. The Seventh Circuit's reasoning accordingly does not translate to the record here. In *Henson*, the plaintiff's credit report disclosed a judgment that had been inaccurately noted as a money judgment in the clerk's "Judgment Docket." *Id.* Reviewing state law to evaluate the clerk's recordkeeping mechanics, the court found the credit report was inaccurate because the actual judgment at issue—found not in the Judgment Docket but in the

---

[4] Plaintiff notes there is an issue regarding the source of the information in Defendant's reports. In the pending motion, Defendant argues its reports were accurate because they can be reconciled with the public index. In its Reply, Defendant argues the reports can be reconciled with the original case file. Any factual dispute over what procedures Defendant actually used to obtain its information is not properly before the court on a motion for judgment on the pleadings.

court's "Record of Judgments and Orders"—was not a money judgment at all but instead disclaimed the plaintiff's interest in property. *Id.* Despite the court's finding of inaccuracy, the court held that reliance on the Judgment Docket without verifying through the Record of Judgments and Orders constituted a reasonable procedure as a matter of law. *Id.* at 285-86.

But Defendant does not argue that its procedures were reasonable as a matter of law under *Henson*. It instead argues that its reports were accurate because the Marion County records do not reflect the pardon. *Henson* makes clear, however, that a report can be inaccurate despite reflecting court records. And to rule for Defendant at this stage on the element of reasonable procedures, the court would need to resolve as a threshold matter the mechanics of how an order of pardon is communicated and recorded under South Carolina law. Then the court would need to tackle the presently murky issue of what source or sources Defendant actually consulted. In any event, "whether the agency failed to follow reasonable procedures will be a jury question in the overwhelming majority of cases." *Dalton*, 257 F.3d at 416 (cleaned up).

While Defendant contends it should not be required to second-guess the Marion County public index as the "original source of criminal information," Def. Mot. at 5, ECF No. 24-1, its premise is mistaken. The public index disclaims the accuracy and currentness of the information reported on the website, and it does not reflect any official record maintained by Marion County. *See* Pl's. Request for Judicial Notice at 4, ECF No. 29 ("Any person or entity who relies on any information obtained from [the Marion County public index] does so at his or her own risk.").

The original source is, instead, SCDPPPS, which issues orders of pardon. S.C. Code Ann. § 24-21-930. As Plaintiff's submission demonstrates, pardons are also tracked by SLED. *See* ECF No. 36; *see also* S.C. Code Ann. § 23-3-120; S.C. Code Ann. Regs. 73-22. Further, while not specifically addressed by either party, the Marion County clerk is statutorily required to maintain

a Record Book of Pardons. *See* S.C. Code Ann. § 14-17-540(14). While Defendant did submit a "physical file" from Marion County, it is not clear whether this file should contain any information otherwise stored in the clerk's Record Book of Pardons. Again, the record under consideration does not establish that Defendant relied on the official file or that reliance on that file would be reasonable as a matter of law. Thus, unlike the record before the court in *Henson*, the materials presented at this stage do not establish Defendant's entitlement to judgment as a matter of law as to the reasonableness of its procedures.

Finding that Plaintiff has plausibly made out a claim under 15 U.S.C. § 1681e(b), Defendant's motion for judgment on the pleadings is denied as to this claim.

### III.     Strict Procedures under 15 U.S.C. § 1681k(a)(2)

While Plaintiff's first claim survives at this stage, his second does not. Because the complaint fails to allege the necessary condition that he did not receive notice of the reports under 15 U.S.C. § 1681k(a)(1), his claim for a violation of § 1681k(a)(2) is inadequate and must be dismissed.

15 U.S.C. § 1681k(a) provides as follows:

A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—

(1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall

>be considered up to date if the current public record status of the item at the time of the report is reported.

For an agency to be held liable under § 1681k(a), it must fail to provide a complete and up-to-date report under subsection (a)(2) and "also . . . fail to provide notifications to the consumer that the report was provided to a potential employer" under subsection (a)(1). *Henderson v. Source for Pub. Data, L.P.*, 53 F.4th 110, 125 n.19 (4th Cir. 2022). Because § 1681k(a) is disjunctive and permits Defendant to satisfy its requirements by doing at least one of two things, Plaintiff must plead that it did not do either to state a plausible claim. *See Speers v. Pre-Employ.com, Inc.*, No. 13-CV-01849-HU, 2014 WL 2611259, at *7 (D. Or. May 13, 2014), *report and recommendation adopted*, No. 3:13-CV-01849-HU, 2014 WL 3672910 (D. Or. July 23, 2014) (finding plaintiff failed to state a claim for which relief may be granted because she did not plead that an agency "violated both subsections" of § 1681k(a)).

Plaintiff's argument that there is "no evidence that Defendant ever provided notice" under § 1681k(a)(1) is without merit. Because of the statute's disjunctive structure, Plaintiff must *plead* that Defendant did not provide such notice. He did not, and Plaintiff's second cause of action must be dismissed.

Accordingly, while Plaintiff has stated a plausible claim for a violation of 15 U.S.C. § 1681e(b), his second cause of action is defective and Defendant's motion will be granted as to that claim.

## CONCLUSION

Defendant's motion for judgment on the pleadings, ECF No. 24, is **GRANTED in part**. Plaintiff's second cause of action alleging a violation of 15 U.S.C. § 1681k(a)(2) is **DISMISSED without prejudice**. Defendant's motion is otherwise **DENIED**. The parties shall promptly submit a proposed amended scheduling order in accordance with ECF No. 37.

**IT IS SO ORDERED.**

October 15, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge