# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Wright,<br><br>   Plaintiff,<br><br>v.<br><br>HireRight LLC,<br><br>   Defendant. | No. CV-23-00493-PHX-SMM<br><br>**ORDER** |

This matter is before the Court on the Unopposed Motion to Seal Exhibits to Defendant HireRight, LLC's Motions for Summary Judgment and to Exclude Expert Testimony of Douglas A. Hollon and Corresponding Text in Motions and Separate Statement. (Doc. 48). For the reasons stated below, the Court grants the Motion.

**I. LEGAL STANDARD**

There is a "strong presumption in favor of [public] access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). The determination of whether filed motions and documents may be filed under seal or must remain accessible to the public "turn[s] on whether the motion is more than tangentially related to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). If a sealing request concerns materials that are more than tangentially related to the merits of a case, the movant must meet the "compelling reasons" standard. Id. At 1096 (citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

1    Under the compelling reasons standard, the movant must "articulate compelling
2    reasons supported by specific factual findings that outweigh the general history of access
3    and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79.
4    Compelling reasons may arise when court files may "become a vehicle for improper
5    purposes, 'such as the use of records to gratify private spite, promote public scandal,
6    circulate libelous statements, or release trade secrets.'" Id. at 1179 (quoting Nixon v.
7    Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). After considering the competing
8    interests at stake, "if the court decides to seal certain judicial records, it must 'base its
9    decision on a compelling reason and articulate the factual basis for its ruling, without
10   relying on hypothesis or conjecture.'" Id. at 1179 (quoting Hagestad v. Tragesser, 49 F.3d
11   1430, 1434 (9th Cir. 1995).

## II.    SEALING REQUESTS

Defendant HireRight LLC requests to seal certain exhibits attached to Defendant's Motion for Summary Judgment and to the Motion to Exclude Expert Testimony of Douglas A. Hollon. Specifically, Defendant requests to seal Exhibits 4, 11, 12, 13, 14, 15, and 21 to the Motion for Summary Judgment and Exhibit A to the Motion to Exclude Expert Testimony. In addition, Defendant requests to seal corresponding portions of the summary judgment motion, statement of undisputed facts, and the *Daubert* motion. Defendant has lodged under seal the unredacted documents, (Docs. 49, 50, 51), and has also filed redacted, unsealed versions of the documents. (Doc. 45, 46, 47).

Defendant requests to seal the documents on the basis that the documents contain information relating to Defendant's policies and procedures, which constitute confidential and proprietary business information. (Doc. 48 at 5). Defendant avers that the sheer number of lawsuits filed against consumer reporting agencies such as Defendant demonstrates the need for robust business policies and signals interest and competitiveness in the industry. (Id.) As Defendant proffers, the documents "reflect, summarize, or otherwise concern HireRight's confidential and proprietary policies and procedures or its customer communications." (Id.) Defendant includes a table listing the

1   specific portions of each document to be sealed, as well as a justification for sealing the
2   materials. (Id. at 6–8).
3       The Court finds that Defendant's proposed redactions are permissible and grants
4   Defendant's unopposed sealing request. As Defendant states, the potential for
5   Defendant's proprietary business information and trade secrets to be revealed and used
6   improperly constitutes a compelling reason to seal such information. See Hatch v.
7   Pearson Educ. Inc., No. CV-20-2223-PHX-GMS, 2023 WL 35017, at *7 (Jan. 3, 2023).
8   Defendant has presented specific and articulable facts as to why the requested materials
9   should be sealed. Finding that Defendant has presented compelling reasons to justify
10  sealing the pertinent documents, the Court will grant the Unopposed Motion to Seal.
11  (Doc. 48). Notwithstanding this Order, however, any information under seal shall enter
12  the public domain if the Court determines it necessary to quote such information in an
13  Order entered by the Court.
14      Accordingly,
15      **IT IS ORDERED granting** the Unopposed Motion to Seal. (Doc. 48). The Court
16  will maintain as sealed Exhibits 4, 11, 12, 13, 14, 15, and 21 to the Motion for Summary
17  Judgment and corresponding portions of that Motion and its Separate Statement of
18  Undisputed Facts, as well as Exhibit A to the Motion to Exclude Expert Testimony of
19  Douglas A. Hollon and corresponding portions of that Motion, with Defendant's
20  proposed redactions.
21      **IT IS FURTHER ORDERED directing** the Clerk of Court to file under seal the
22  materials at Docs. 49, 50, and 51.
23      Dated this 20th day of June, 2024.

Honorable Stephen M. McNamee
Senior United States District Judge