IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KEITH EUGENE WATERS,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>HIRERIGHT, LLC,<br><br>　　　　　　　　Defendant. | Civil Action No. 4:23-cv-06668-SAL<br><br>**DEFENDANT HIRERIGHT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

### CONCISE SUMMARY OF THE NATURE OF THE CASE AND STATEMENT OF FACTS

Plaintiff alleges HireRight, LLC ("HireRight") violated the Fair Credit Reporting Act ("FCRA") when it prepared three consumer reports about him. To prevail, he must prove that HireRight failed to follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). HireRight is a consumer reporting agency subject to the FCRA. HireRight's reports about Plaintiff did not report a pardon Plaintiff received earlier that month because it was not reflected on the South Carolina Public Index when HireRight searched it. Plaintiff sued HireRight because the reports did not reflect his pardon. HireRight's procedures for preparing reports under § 1681e(b) are at the center of this lawsuit.

Recognizing discovery may encompass proprietary information, the parties agreed to a Confidentiality Order, ECF No. 26, permitting designation of documents and portions of depositions to be marked as "CONFIDENTIAL" to protect them from disclosure. That material could cover information in need of protection from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. (ECF No. 26, Confidentiality Order, ¶ 3).

Under the Confidentiality Order, HireRight exchanged confidential and proprietary business information in documents and transcripts marked "CONFIDENTIAL." These documents and testimony concern HireRight's policies and procedures under 15 U.S.C. § 1681e(b). Some of these support HireRight's Motion for Summary Judgment.

Pursuant to ¶ 6 of the Confidentiality Order, HireRight has filed a redacted version of its Memorandum of Law Supporting its Motion for Summary Judgment and seeks to file under seal the unredacted version with all accompanying exhibits.

## ARGUMENT

The common law right of access to court records is "not absolute." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* A court may seal documents where it "(1) provide[s] public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re Knight Pub Co.*, 743 at 235-236. In this District, a party seeking to seal documents must (1) identify the exact documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. Local Civ. Rule 5.03 (D.S.C.).

HireRight can do all four steps here. *First*, the documents and portions of documents HireRight requests to file under seal are identified in the table below and the attached Non-Confidential Descriptive Index of Documents to be Sealed (**Exhibit A**).

*Second*, sealing is necessary because the documents and deposition excerpts at issue have been designated "Confidential" and go to the heart of HireRight's business. Many employers do background checks, so HireRight operates in a highly competitive market. Over its three decades in business, HireRight has gained and applied extensive knowledge to its unique policies and procedures for preparing consumer reports like Plaintiff's. One of many CRAs vying for a finite pool of customers, HireRight has tested and tailored procedures that are a central feature of the company's competitive edge, business model, daily operations, and consumer litigation response. Given these realities, disclosing HireRight's proprietary policies and procedures – its "secret sauce" – would harm HireRight's competitive advantage, impact its customer relationships, and needlessly subject HireRight's operations to public scrutiny. Courts have recognized HireRight's compelling interest in maintaining its consumer reporting policies and procedures as confidential and proprietary business information. *See Wright v. HireRight, LLC*, No. 2:23-cv-00493-SMM (D. Ariz. June 14, 2024) (ECF 52) (granting motion to seal portions of HireRight's summary judgment motion and exhibits concerning its policies and procedures) (**Exhibit B**); *Chase v. HireRight*, No. 1:23-cv-00107-HCN-JCB (D. Utah June 9, 2025) (ECF 61) (**Exhibit C**) (same).

*Third*, HireRight is not aware of a less drastic alternative to sealing. HireRight has isolated and redacted the confidential and proprietary information from portions of the documents where doing so would not mislead or confuse the public. The confidential and proprietary information in other documents, however, cannot be redacted without rendering the surrounding text meaningless or effectively redacting the entire document. To the extent any unredacted portions would remain,

HireRight believes the unredacted information would not be helpful to this Court in deciding HireRight's Motion for Summary Judgment.

*Fourth*, the factors governing sealing of documents reflected on controlling case law weigh in favor of protecting them from public disclosure. Specifically, the public is notified of the request to seal and will have an opportunity to object based upon the filing of this motion. *See In re Knight Pub. Co.*, 743 F.2d at 235 (noting that notification is satisfied by docketing the motion "reasonably in advance of deciding the issue"); *see e.g.*, *Higdon v. Nestle Purina Petcare Co.*, C.A. No. 8:14-3737, 2014 WL 12613270, *1 (D.S.C. Oct. 10, 2014) (noting the requirement of public notice is satisfied upon the docketing of the motion to seal).

HireRight therefore moves to seal the following materials in its Motion for Summary Judgment. These materials reflect, summarize, or otherwise concern HireRight's confidential and proprietary policies and procedures:

| HireRight MSJ | Description | Portions to Seal | Reasons Less Drastic Alternatives are Insufficient |
|---|---|---|---|
| Ex. 7 | Meredith. Knoche Deposition Transcript (Apr. 22, 2025) | 32:22-33:12<br>33:18-34:25<br>65:8-12<br>65:17-66:17<br>66:23-67:5<br>67:16-18<br>68:5-25<br>70:18-25<br>74:15-75:25<br>209:1-210:6 | HireRight has isolated specific portions of the document to redact and seal to give the public access to read the non-confidential portions. A less drastic alternative would require removing all redactions, which would expose proprietary and confidential information. |
| Ex. 8 | HireRight's South Carolina Counties Criminal Manual | Entire document | The entire document reflects, summarizes, or otherwise concerns HireRight's confidential and proprietary policies and procedures such that it is impossible to redact only portions of the document, and any such redactions would leave the unredacted sections |
| Ex. 9 | Magnum Report Creation Notes | Entire document | |
| Ex. 10 | Big G Report Creation Notes | Entire document | |
| Ex. 11 | Ceva Report Creation Notes | Entire document | |
| Ex. 15 | Ex. 16 to Meredith Knoche Deposition Transcript | Entire document | |

| Ex. 16 | HireRight's South Carolina Criminal and Offense History Search Accuracy Rate from June 2021 to June 2022 | Entire document | out of context and result in confusion to the public. |
|---|---|---|---|
| Quotations and discussions of these materials in the Memorandum of Law in Support of it Motion for Summary Judgment | | | HireRight has isolated specific portions of the document to redact and seal to give the public access to read the non-confidential portions. A less drastic alternative would require removing all redactions, which would expose proprietary and confidential information. |

Defendant's counsel has conferred with Plaintiff's counsel, who stated he is unsure whether he will object to this Motion and will not decide until after it is filed.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant the Motion for Leave to File Documents Under Seal and order sealing of the **discussion of HireRight's policies and procedures** in its Memorandum of Law in Support of its Motion for Summary Judgment and **Exhibits 7, 8, 9, 10, 11, 15** and **16.**

HireRight is sending to this Court's chambers physical and electronic seal versions of these documents with blue highlighting indicating the portions of the documents HireRight seeks to seal. HireRight is also filing redacted, unsealed versions of these documents contemporaneously with its Memorandum of Law in Support of its Motion for Summary Judgment and redacting the corresponding portions of the unsealed Memorandum of Law in Support of its Motion for Summary Judgment.

Dated: June 27, 2025                                                    Respectfully submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**

*s/ Wm Howell Morrison*
Wm. Howell Morrison (Fed ID# 8406)
134 Meeting Street, 3rd Floor
Charleston, SC 29401
(843) 720-4405 Telephone
hmorrison@hsblawfirm.com

Leah A. Tedford (*pro hac vice*)
Andrew Notaristefano (*pro hac vice*)
Layal Issa Ramirez (*pro hac vice*)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLB
1735 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 772-7401 Telephone
(215) 772-7620 Facsimile
ltedford@mmwr.com
anotaristefano@mmwr.com
lramirez@mmwr.com

*Attorneys for Defendant HireRight, LLC*

## **CERTIFICATION OF COMPLIANCE WITH RULE 5.03**

The undersigned counsel for Defendant certifies that, prior to filing this Motion, counsel contacted counsel for the plaintiff to consult regarding the Motion. Counsel for Plaintiff indicated he does not know if he will object to the relief requested herein and will not decide until after it is filed. Counsel for the Defendant further certifies that it complied with the provisions of Local Civil Rule 5.03 for filing this Motion. Defendant is submitting the identified documents directly to chambers for *in camera* review in accordance with Local Civil Rule 5.03(C).


Dated: June 27, 2025                                         */s/ Wm Howell Morrison*
                                                                              Wm. Howell Morrison (Fed ID# 8406)

# EXHIBIT A

**Non-Confidential, Descriptive Index of the Documents at Issue**

| HireRight MSJ | Description | Portions to Seal |
|---|---|---|
| Ex. 7 | Meredith. Knoche Deposition Transcript (Apr. 22, 2025) | 32:22-33:12<br>33:18-34:25<br>65:8-12<br>65:17-66:17<br>66:23-67:5<br>67:16-18<br>68:5-25<br>70:18-25<br>74:15-75:25<br>209:1-210:6 |
| Ex. 8 | HireRight's South Carolina Counties Criminal Manual | Entire document |
| Ex. 9 | Magnum Report Creation Notes | Entire document |
| Ex. 10 | Big G Report Creation Notes | Entire document |
| Ex. 11 | Ceva Report Creation Notes | Entire document |
| Ex. 15 | Ex. 16 to Meredith Knoche Deposition Transcript | Entire document |
| Ex. 16 | HireRight's South Carolina Criminal and Offense History Search Accuracy Rate from June 2021 to June 2022 | Entire document |
| Quotations and discussions of these materials in the Memorandum of Law in Support of Summary Judgment | | |