IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KEITH EUGENE WATERS,<br><br>Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 4:23-cv-06668-SAL<br><br><br>**ORDER** |

This matter is before the court on the second unopposed motion to file documents under seal filed by HireRight, LLC ("HireRight" or "Defendant"). [ECF No. 66.] The motion is granted for the reasons below.

## BACKGROUND

HireRight is a consumer reporting agency ("CRA") subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Section 1681e(b) of the FCRA requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Keith Eugene Waters ("Plaintiff") alleges HireRight violated this statute by misreporting his conviction records in consumer reports it provided to several of his prospective employers. *See generally* ECF No. 1.

Since HireRight's procedures for preparing reports under Section 1681e(b) are at the center of this lawsuit, the parties recognized that discovery would likely encompass certain proprietary information. [ECF No. 59-4 at 1.] So they agreed to a confidentiality order permitting the designation of material as "CONFIDENTIAL" to protect it from disclosure. *See* ECF No. 26.

During discovery, Defendant exchanged confidential and proprietary business information in documents and transcripts marked "CONFIDENTIAL." [ECF No. 59-4 at 2.] The court previously granted both parties leave to file some of these materials under seal because they "reflect, summarize, or otherwise concern HireRight's confidential and proprietary policies and procedures." *See* ECF No. 69 at 2, 5 (granting both parties' motions to seal, ECF Nos. 59 & 63). Defendant now seeks to file additional documents under seal for the same reasons explained in its first motion. [ECF No. 66.]

## **ANALYSIS**

Under Local Civil Rule 5.03 (D.S.C.), a party seeking to file documents under seal must file a "Motion to Seal" accompanied by a memorandum that (1) identifies the specific documents or portions of documents for which sealing is requested, (2) states the reasons why sealing is necessary, (3) explains why less drastic alternatives to sealing are inadequate, and (4) addresses the factors governing the sealing of documents reflected in controlling case law. The motion must also include (A) a non-confidential, descriptive index of the documents at issue, and (B) a certification by counsel of compliance with the Rule. *See* Local Civ. Rule 5.03(B) (D.S.C.). Defendant has satisfied each requirement.

*First*, the motion identifies the specific documents or portions of documents for which sealing is requested. *See* ECF No. 66 at 4.[1] *Second*, Defendant incorporates the supporting memorandum from its original motion to seal, ECF No. 59-4, by reference. [ECF No. 66 at 1.] That memorandum states that sealing is necessary "because the documents and deposition excerpts at issue have been designated 'Confidential' and go to the heart of HireRight's business." [ECF

---

[1] Along with the documents themselves, Defendant seeks to seal the portions of its reply memorandum in further support of its motion for summary judgment, ECF No. 65, which cite and/or discuss the documents.

2

No. 59-4 at 3.] HireRight is one of many CRAs vying for a finite pool of customers in a highly competitive market. *Id.* Defendant asserts HireRight has gained extensive industry knowledge over the past three decades and has used that knowledge to create unique policies and procedures. *Id.* These policies and procedures, Defendant argues, "are a central feature of the company's competitive edge, business model, daily operations, and consumer litigation response." *Id.* Accordingly, Defendant contends that disclosure of this information would harm HireRight's competitive advantage, impact its customer relationships, and needlessly subject its operations to public scrutiny. *Id.*

*Third*, Defendant asserts that it has redacted where possible, but, in many instances, redactions would render the content unintelligible or ineffective. *Id.* at 3–4. The court agrees that redaction would not protect the sensitive information at issue without rendering the surrounding text meaningless or effectively redacting the entire document.

*Fourth*, Defendant has sufficiently addressed the factors for the sealing of documents reflected in controlling case law. *See*, *e.g.*, *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984) ("*Knight Publishing*"). *Knight Publishing* held that a district court may seal documents "if the public's right of access is outweighed by competing interests." 743 F.2d at 235. The court identified several factors to guide this balancing analysis:

> [1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records.

*Id.*

The court must also "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The court finds the *Knight Publishing* and *Ashcraft* factors weigh in favor granting Defendant's second motion to seal. The public notice requirement is satisfied by the docketing of the motion. *See Knight Publishing*, 743 F.2d at 235 (notification satisfied by docketing motion "reasonably in advance of deciding the issue"); *Higdon v. Nestle Purina Petcare Co.*, No. 8:14-3737-HMH, 2014 WL 12613270, at *1 (D.S.C. Oct. 10, 2014) ("Public notice has been satisfied through docketing of [the defendant]'s motion to seal."). And no objections have been filed with or submitted to the court. [2]

Upon *in camera* review, the court confirms that the documents contain confidential and proprietary business information regarding HireRight's policies and procedures. Disclosure of this sensitive information to a competitor or the general public would subject HireRight to considerable business and financial harm. There is no substantial public interest in accessing the materials nor legitimate public need for the information therein. In that regard, the general nature and substance of the dispute is clear from the publicly filed documents already on record. Finally, redaction would render portions of the documents effectively useless and impair the court and parties' efficiency in litigating this matter.

---

[2] Defendant filed its first motion to seal on June 27, 2025. [ECF No. 59.] Plaintiff filed his motion to seal on July 11, 2025. [ECF No. 63.] Defendant filed its second motion to seal on July 18, 2025. [ECF No. 66.] The court granted the first two motions on July 28, 2025. [ECF No. 69.] Since the documents identified in Defendant's second motion to seal are similar in nature to those identified in its first motion, and since the reasons provided for sealing them are the same, the court finds the requirement of public notice to be satisfied.

**CONCLUSION**

For these reasons and considering Defendant's compliance with Local Civil Rule 5.03(A)–(C), the court **GRANTS** its second motion to file under seal, ECF No. 66.

IT IS SO ORDERED.

August 4, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge